UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                               Case No. 2:14-cr-20599

v.                                       HONORABLE STEPHEN J. MURPHY, III

D-5, MATTHEW GOLDEN,

    Defendant.

                                   /

## **MEMORANDUM IN SUPPORT OF JUDGMENT**

Defendant pleaded guilty to conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349. ECF 129, PgID 553. Defendant acknowledged that he participated in a fraudulent scheme that lured victims into purchasing nearly valueless residential properties based upon false representations and pretenses. *Id.* at 555. From December 2009 through March 2014, the scheme cost its victims more than $20 million. *Id.* Defendant agreed that he must pay restitution for the total amount of losses. *Id.* at 559. The parties did not agree to the amount of restitution and left the issue to the Court. ECF 472, PgID 2443. After an evidentiary hearing on the issue, the Court entered a judgment ordering $13,302,691 in restitution. ECF 513, PgID 2695. The Court will provide a brief memorandum setting forth the reasoning for the judgment.

## **STANDARD OF REVIEW**

Under the Mandatory Victims Restitution Act, the Court is required to order restitution for victims when, as here, the defendant committed a fraud against property under Title 18. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii). A victim is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). The purpose of restitution is to make the victims whole. *Hughey*

*v. United States*, 495 U.S. 411, 416 (1990). To achieve that purpose, the Court may assess full restitution against each defendant for all losses arising in a conspiracy. 18 U.S.C. § 3664(h); *United States v. Elson*, 577 F.3d 713, 723 (6th Cir. 2009).

The government bears the burden to prove by a preponderance of the evidence that the amount of restitution is appropriate. 18 U.S.C. § 3664(e). The government must prove the total amount of the victim's losses proximately caused by the offense, not the amount of losses resulting solely from the defendant's conduct. *United States v. Church*, 731 F.3d 530, 538 (6th Cir. 2013). But the Court still must find that the "defendant's criminal conduct directly and proximately caused the loss." *Id.* To make its finding, the Court must rely upon information with a "sufficient indicia of reliability." *United States v. Jackson-Randolph*, 282 F.3d 369, 386 (6th Cir. 2002).

## DISCUSSION

Restitution of $13,302,691 is appropriate here. The conspiracy cost its victims more than $20 million. The Government reduced its suggested amount to $13,302,691 because Defendant did not enter the conspiracy until December 20, 2011, two years after it started. The Court has reviewed the Victim Loss Summary submitted at the evidentiary hearing held on August 1, 2017 and a number of other materials submitted by the United States in its prosecution of more than 20 defendants involved in the scheme. The materials are all sufficiently reliable to support the Government's request.

The Court finds that Defendant's participation directly and proximately caused the losses. Defendant knew that the victims were fraudulently told that their funds were being held in escrow. ECF 129, PgID 555–56. Defendant then operated several companies that ostensibly served as escrow agents, which in reality channeled money for the conspiracy.

*Id.* Defendant's actions were fraudulent and played no small part in luring the victims into believing that they were participating in a legitimate, reputable investment.

The Court finds that assessing all losses caused by the conspiracy during Defendant's involvement is appropriate for several reasons. First, the Court's goal is to make the victims whole. Only full restitution can do so. Second, Defendant received a lighter custodial sentence because he proposed that restitution would serve as a deterrent. ECF 455, PgID 2285–87; ECF 491. The Court will not now reduce restitution as well; full restitution is necessary to serve as proper deterrence. Third, it would be inconsistent for the Court to assess reduced restitution. Richard Pierce—Defendant's business partner and co-conspirator in the "escrow" companies—was also a minor participant for sentencing-guideline purposes yet was ordered to pay full restitution. ECF 25, PgID 114; ECF 499, PgID 2643.

For these reasons, the Court entered judgment ordering $13,302,691 in restitution.

                      s/Stephen J. Murphy, III
                      STEPHEN J. MURPHY, III
                      United States District Judge

Dated: August 22, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 22, 2017, by electronic and/or ordinary mail.

                      s/David P. Parker
                      Case Manager