UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-5 MATTHEW GOLDEN,

        Defendant.
_____/

Case No. 2:14-cr-20599-5

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING DEFENDANT'S SECOND
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [719]**

Defendant Matthew Golden moved for early termination of supervised release. ECF 719. In 2017, the Court sentenced Mr. Golden to fifteen months' imprisonment followed by thirty-six months' supervised release for conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. ECF 513, PgID 2690–92. Mr. Golden previously moved for early termination of supervised release in November 2020. ECF 697. At the time of the first motion, Mr. Golden had served about twenty-two months of the thirty-six-month supervised release term. ECF 705, PgID 3918. The Court denied the motion in December 2020. ECF 705. The Court noted that Mr. Golden still owed more than $13 million in restitution and could travel out of state to visit relatives with permission of Mr. Golden's probation officer. *Id.* at 3919. After considering the information, the Court did "not believe that terminating Mr. Golden's term of supervised release after less than two years of supervision would adequately deter future criminal conduct." *Id*. But for the reasons below, the Court will grant the present motion.

1

The Court need not hold a hearing. *See* E.D. Mich. L.R. 7.1(h); E.D. Mich. L. Crim. R. 12.1(a). In fact, the Court considers Mr. Golden to have waived a hearing because he did not raise the need for one. *See* Fed. R. Crim. P. 32.1(c)(2)(A); *see* ECF 719.

Under 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Mr. Golden has now served thirty-two months of the thirty-six-month supervised release term. *See* ECF 719, PgID 4037. In the motion, Mr. Golden suggested the Court recently terminated supervised release for a similarly situated Co-Defendant who had only served half of a thirty-six-month supervised release term. *Id*. Mr. Golden also suggested that because Mr. Golden is similarly situated to the Co-Defendant, the Court should terminate supervised release here as well. *Id*.

The Co-Defendant's probation officer "recommended that the supervised releasee be discharged from supervision." ECF 719-3, PgID 4044. Here, Mr. Golden mentioned that "Government counsel indicated he would[] [not] oppose the motion if the Supervising Officer was in agreement with the relief sought." ECF 719, PgID 4038. But Mr. Golden's probation officer emailed the Court's chambers that the probation department did not recommend early termination of supervised release for Mr. Golden given the substantial balance of restitution still owed and because the supervised release term expires on January 10, 2022. The email noted that Mr.

2

Golden is low risk and only needs to submit an online report each month. When the Court's chambers asked the probation department whether there was any particular reason the department recommended early termination for the Co-Defendant but not Mr. Golden, the department responded, without further elaboration, that the decision was within the discretion of each probation officer. The Government ultimately opposed the motion for early termination, apparently because of the probation department's recommendation. *See* ECF 724.

The Co-Defendant's early termination of supervised release does not necessitate that the Court also terminate Mr. Golden's supervised release. Section 3583(e)(1) states that courts ought to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" when deciding whether to modify or terminate supervised release. Section 3553(a)(6) states that courts should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Section 3553(a)(6) is, however, "not concerned with disparities between one individual's sentence and another individual's sentence, despite the fact that the two are co-defendants." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007) (citations omitted). Instead, "[s]ubsection 3553(a)(6) is concerned with national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." *Id*. (citations omitted). As a result, the fact that the Court granted the Co-Defendant early termination of supervised release does not

3

necessitate that the Court also grant Mr. Golden early termination of supervised release.

Still, the Court will grant the motion for early termination of supervised release. The discrepancy created by granting early termination for the Co-Defendant but not for Mr. Golden may be perceived as arbitrary. Given that there is no identified, specific difference between the cases of Mr. Golden and the Co-Defendant that led to the disparate recommendations, the probation department's inconsistent consideration of § 3583(e)(1) and the applicable § 3553(a) factors appears arguably unjust. Thus, under § 3583(e)(1), "the interest of justice" favors early termination in Mr. Golden's case as well.

Moreover, after applying § 3583(e)(1) and the applicable § 3553(a) factors to Mr. Golden's case, early termination is warranted. Section 3583(e)(1) requires courts to consider the conduct of defendants in deciding whether to grant a motion for early termination. Sections 3553(a)(1) and (2)(C) have courts consider the defendant's characteristics and whether punishment protects the public from future criminal activity by the defendant. As discussed, under Section 3583(e)(1) courts should consider the factors when ruling on an early termination motion. Here, all three provisions favor granting the motion for early termination of supervised release. Mr. Golden has found gainful employment, adjusted to his new life, and abided by the laws since his release. ECF 719, PgID 4040. In addition, Mr. Golden's record remains unblemished since sentencing, *id.*, and the probation department's recent email to the Court's chambers acknowledged that Mr. Golden is "low risk." Mr. Golden has

4

therefore undergone significant rehabilitation and is no longer a danger to the community. *See* 18 U.S.C. §§ 3553(a)(2), 3583(e)(1).

The Court acknowledges that Section 3553(a)(7) has courts consider whether defendants need to provide restitution to victims for a criminal offense and that the factor is one that courts should consider when deciding an early termination of supervised release motion. § 3583(e)(1). But Mr. Golden will still need to pay restitution even after supervised release is terminated, and the other § 3553(a) factors outweigh the restitution factor in the present case despite the remaining restitution balance. The Court will therefore grant the motion for early termination of supervised release.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for early termination of supervised release [719] is **GRANTED.**

**SO ORDERED.**

                                                          s/ Stephen J. Murphy, III
                                                         STEPHEN J. MURPHY, III
                                                         United States District Judge

Dated: September 28, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2021, by electronic and/or ordinary mail.

                                                          s/ David P. Parker
                                                         Case Manager